

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV-16-1114

|  |  |  |
|---|---|---|
| | | **Opinion Delivered** May 24, 2017 |
| LISA STASSI | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRTEENTH DIVISION, [NO. 60CV-15-2647] |
| V. | | |
| GARY ISOM, DIRECTOR, ARKANSAS REAL ESTATE COMMISSION | APPELLEE | HONORABLE W. MICHAEL REIF, JUDGE |
| | | REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

Lisa Stassi appeals from an Arkansas Real Estate Commission (Commission) order finding she engaged in unlicensed real-estate activity and assessing her a $5000 penalty plus Commission hearing costs. She makes two basic contentions in her appeal: 1) Arkansas Code Annotated section 17-42-104(a) (Supp. 2015) expressly exempts her from real-estate licensing requirements for any land she "owns, leases, or purchases," and she owned an equitable interest in the real estate; and 2) she did not "act for another for a fee, commission, or other consideration" but rather acted on her own behalf and in an effort to market or sell her own interest in real estate. Because the Commission did not make the necessary findings of fact and conclusions of law that would allow us to conduct our review of its decision, we must reverse and remand this matter to the circuit court with directions for it to remand to the Commission for further proceedings.

The underlying facts are basically undisputed. Grover Crossland owned property in Maumelle, Arkansas, and was showing it to prospective buyers when Lisa Stassi looked at it. On March 12, 2014, Crossland signed a contract produced by Stassi, titled "Agreement to Sell Real Estate" (the "contract"). Stassi was shown as the buyer; Crossland was shown as the seller; and the purchase price of the property was shown as $192,000, with $1 earnest money to be held in trust by Crossland. The closing date was set at June 10, 2014, but the contract provided that Stassi had unilateral authority to extend the closing date for up to three months with no notice to Crossland and no additional consideration. Paragraph 13 of the contract provided:

> 13.   MARKETING. Upon execution of this Agreement, Buyer will have an equitable interest in this property and therefore will have the right to market that equitable interest in any way Buyer deems fit; including but not limited to: listing the Property on the Multiple Listing Service (MLS), placing a sign on the property, advertising the property for sale, for rent or for rent to own as well as showing the property to prospective buyers/tenants. Buyer may also assign its rights to this Agreement. This Contract is binding on the heirs, administrators, executors, personal representatives and assigns of Buyer and Seller.

Stassi also asked Crossland to sign a "Memorandum of Agreement," which she recorded in Pulaski County. The memorandum provided in part:

> Buyer will pay Franklin Escrow, LLC a fee upon any Property ownership transfer, pursuant to the terms of certain agreement(s) by and between Buyer and Franklin Escrow, LLC. Anyone dealing in and with this Property must receive a written payoff from Franklin Escrow, LLC. Upon receipt of full payment of payoff, this claim of interest will be released.

The memorandum further provided that the "agreement constitute[d] a lien for fees due and anyone dealing in and with the Property must contact Franklin Escrow, LLC . . . ." Stassi also had an agreement with Franklin Escrow, LLC, by which she was to receive business mentoring and financing, and she was obligated to share the proceeds she received

2

from real-estate transactions. In late June or early July 2014, Crossland asked to terminate his contract with Stassi; Stassi agreed to release the property and Crossland from any further obligations.

Crossland subsequently filed a complaint against Stassi with the Arkansas Real Estate Commission. Stassi's position at all times has been that she is exempt from the statutes governing real-estate agents and brokers because she owned an equitable interest in Crossland's property pursuant to the contract with him. She relies upon Arkansas Code Annotated section 17-42-104(a), which provides that exemption from licensure is extended to acts by unlicensed persons regarding "property *owned, leased, or purchased* by him or her." (Emphasis added.) She contends the statutory language does not require that she own a fee-simple interest—just that she own, lease, or purchase some property interest—and that her obligation under the executory contract gives her an equitable interest that satisfies the statutory language.

The Commission held a hearing, after which it entered its findings of fact and conclusions of law. The Commission concluded that Stassi had engaged in unlicensed real-estate activity as defined in Arkansas Code Annotated section 17-42-103(12), in violation of Arkansas Code Annotated sections 17-42-105(a)(1) and 17-42-109. Notably, however, the findings and conclusions did not address Stassi's overall contention that she was exempt from the statutes by virtue of her equitable interest in the property pursuant to the executory contract. She was assessed a $5000 penalty, plus the Commission hearing costs. Stassi appealed to the circuit court, which affirmed the Commission's decision. The appeal to our court followed.

SLIP OPINION

In cases involving agency decisions, an appellate court's review is directed not toward the trial court's order, but toward the order of the agency. *Voltage Vehicles v. Arkansas Motor Vehicle Comm'n*, 2012 Ark. 386, 424 S.W.3d 281. As our supreme court explained in *Voltage Vehicles*:

> [T]he APA [Administrative Procedure Act] requires that an administrative adjudication be accompanied by specific findings of fact and conclusions of law. The statement of facts "must contain all specific facts relevant to the contested issue or issues so that the court may determine whether the [agency] has resolved those issues in conformity with the law." We have held that "[t]he purpose of requiring such factual findings is that they benefit the court in the following way: facilitating judicial review; avoiding judicial usurpation of administrative functions; assuring more careful and administrative consideration; aiding the parties in planning for rehearings and judicial review; and keeping an agency within its jurisdiction." Without the required findings, the reviewing court is left with a difficult, if not impossible, task in determining whether the administrative decision was correct.

2012 Ark. 386, at 5, 424 S.W.3d at 285 (citations omitted).

Here, both parties acknowledge the Commission did not address and decide the "exemption" argument relied upon by Stassi. The issue was squarely before the Commission, yet the findings of fact and conclusions of law do not address this issue or the facts relied upon in support of it. Consequently, we have no choice but to reverse and remand to the trial court with directions to remand this matter to the Commission for further proceedings consistent with this opinion. *Voltage, supra.*

Reversed and remanded.

ABRAMSON and GLADWIN, JJ., agree.

*Harrington, Miller, Kieklak, Eichmann & Brown, P.A.*, by: *J. Greg Brown*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Juliane Chavis*, Ass't Att'y Gen., for appellee.